UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14034-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE GARCIA,

Defendant.
_______________________________/

FILED by ul D.C.
APR 23 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 09-1740]**

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Omar F. Guerra Johansson, Esquire, as attorney for the Defendant Jose Garcia, as well as a copy of Mr. Johansson's letter to Judge Martinez explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. Counsel for the Defendant seeks reimbursement of $14,866.50 as reasonable attorney's fees for the hours spent as more particularly set forth in the CJA voucher at the rate of $110 and $125 respectively depending upon the dates upon which the attorney's fees tasks were performed. Additionally, Mr. Johansson seeks reimbursement of costs in the amount of $1,001.23 which are delineated and substantiated in the attached CJA voucher.

2. This Court has reviewed the voucher as well as the attachments submitted by Mr. Johansson as referenced above. This Court has reviewed the docket sheet and is familiar with this case based upon having handled the pretrial matters. It is not necessary

to conduct an evidentiary hearing based upon this Court's familiarity with this case. Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. The attorney's fees sought by Mr. Johansson exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute. Extended is defined as a case requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The Defendant was charged by Indictment with eight counts. Count One was conspiracy to commit bank fraud. He was also charged with seven counts of underlying bank fraud. The Defendant entered his plea of guilty to each of those counts and was sentenced by Judge Martinez to a period of fourteen months as to each count to be served concurrently. This prison sentence was to be followed by a term of five years supervised release. Restitution and assessments were also part of the District Court's sentence.

5. As Mr. Johansson's letter indicates, there was extensive discovery in this case which appears to have been so voluminous as to be required to be submitted to the Defendant on five compact discs. There was additional time involved because of the underlying nature of the bank fraud and the conspiracy alleged involving the named co-defendants. As Mr. Johansson's letter to the Court indicates, these particular facts involved evidence of crimes located in the States of Florida, Georgia, Pennsylvania and Michigan. There were further extended debriefings as more particularly delineated in the last paragraph of Mr. Johansson's letter.

6. This Court cannot find that this case is extended as defined in the case law. Mr. Johansson became involved in this case in September of 2009 and the matter was then resolved by way of a change of plea in November of 2009. Sentencing was not held until February 2010. Therefore, this case does not meet the definition of an extended case.

7. In determining whether or not the matter is complex, this Court must look at the underlying charges with which the Defendant was indicted as well as the associated discovery which Mr. Johansson had to review. Certainly, five compact discs full of discovery involving criminal acts which may have occurred in at least four different states would come within the definition of complex in this Court's view. This Court has reviewed the time records and tasks performed by Mr. Johansson and can find no time which should be deleted or deducted. All of the tasks performed appear to this Court to be reasonable and necessary in light of the number of charges the Defendant was facing as well as the nature of those charges. Since no time can be deducted by this Court, this Court finds that Mr. Johansson should be fully compensated for the time he has devoted to representing the Defendant in this case.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 09-1740 be **GRANTED** and that Mr. Johansson be awarded the sum of $14,866.50 as reasonable attorney's fees together with costs in the amount of $1,001.23, for a total sum of $15,867.73.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 23 day of April, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Omar F. Guerra Johansson, Esq.
Lucy Lara, CJA Administrator